**JOINT SCHOOL DISTRICT NO. 1, CITY OF PORT WASHINGTON, VILLAGE OF SAUKVILLE, TOWNS OF GRAFTON, ET AL., COUNTY OF OZAUKEE, STATE OF WISCONSIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 73–C–441.**

United States District Court, E. D. Wisconsin.

Nov. 24, 1976.

Michael R. Wherry, Thomas P. Guszkowski, Milwaukee, Wis., for plaintiff.

Scott P. Crampton, Asst. Atty. Gen., Jerome Fink and Vicki G. Cheikes, Attys., Dept. of Justice, Washington, D. C., William J. Mulligan, U. S. Atty., Milwaukee, Wis., for defendant.

REYNOLDS, Chief Judge.

This is a suit by Joint School District No. 1 to recover from the Internal Revenue Service ("IRS") taxes alleged to have been erroneously and illegally assessed and collected. Trial was had to the Court on April 1, 1976, and the matter was taken under advisement. For the reasons hereinafter stated, judgment is awarded the defendant dismissing the complaint.

The facts as they appear from the pleadings, briefs, the statement of uncontested facts, and the trial are uncomplicated. Pursuant to § 42.40(1), Wis.Stats. (1971), the plaintiff withheld 6% of all teachers' compensation and deposited that amount in the Wisconsin State Teachers' Retirement System ("STRS"). Pursuant to a collective bargaining agreement entered into between the plaintiff and its teacher employees, as of September 1, 1971, the plaintiff would withhold only 3½% of the teachers' compensation for deposit in the STRS and pay the difference of 2½% out of its own funds.

The STRS qualifies as a retirement plan under § 401(a) of the Internal Revenue Code and a trust fund exempt from tax under § 501(a) of the Internal Revenue Code.

On January 31, 1972, the plaintiff filed its employer's quarterly federal tax return, reporting wages subject to withholding of $552,500 and wages withheld of $80,628.88. On May 11, 1973, the IRS notified the plaintiff that it had understated the amount of wages subject to withholding by $3,513.88 and should have withheld an additional $702.78. The $3,513.88 represents the amount paid into the STRS by the plaintiff pursuant to the collective bargaining agreement.

The plaintiff paid the $702.78 under protest on June 26, 1973, and simultaneously filed a claim for a refund. The claim was disallowed, whereupon the plaintiff filed this action.

The plaintiff contends that its 2½% payment into the STRS was made on behalf of the teachers and therefore qualified as an employer contribution exempt from with-holding under 26 U.S.C. § 3401(a)(12). The plaintiff further contends that the employer contribution to STRS should be classified as a fringe benefit, which is not subject to withholding tax, rather than compensation. This contention is based on the opinion of the Attorney General of Wisconsin that § 42.40(1), Wis.Stats. (1971), did not prohibit municipal employers from making teachers' contributions to the STRS. 59 O.A. at 186, 189 (1970).

The defendant, on the other hand, contends that § 42.40(1), Wis.Stats. (1971), imposed a mandatory obligation on the teachers to contribute to the STRS. The Attorney General's opinion did not change the obligation; rather, it permitted the employer to assist in its satisfaction. Thus, the character of the payment did not change; it remained an employee payment, and that portion of the payment advanced by the employer constituted additional compensation to the teachers. In addition, the defendant argues that even assuming the Attorney General's opinion determined that municipal employers' contributions were not advanced in satisfaction of the teachers' obligation, that determination is not binding on the IRS for the Attorney General has no authority to make a final determination as to tax law.

The issue before the Court is the proper interpretation of § 42.40(1), Wis.Stats. (1971), and its effect on the tax characterization of the plaintiff's payments into the STRS. Section 42.40(1) provides:

"Each teacher who is a member of the separate group shall make a deposit in the retirement deposit fund equal to 6% of all compensation received for teaching service performed by such teacher."

On its face, this section imposes a mandatory obligation on the teachers to contribute 6% of their compensation to the STRS. The only challenge to that interpretation advanced by the plaintiff is the opinion of the Attorney General, and it is the meaning of that opinion on which this case turns.

In addressing himself to the effect of this section on municipal employer contribu-

tions, the Attorney General said in pertinent part:

"Further, the contract provision for employes' contributions being made by the employer does not produce an illegal result. In fact, such a provision serves the interest of both the employes and employer, since the employes will realize an effective wage increase which will not be subject to current taxation, and the employer is able to provide an effective wage increase at less expense than were it to grant the same effective 'take-home' increase taking into consideration current income tax deductions.

"It may be argued that the language in the quoted sections are mandatory, and that the words '. . . teacher . . shall make a deposit . . .,' constitute a mandatory duty on the part of the teacher. However, I construe this language as being mandatory only from the standpoint of initiating funds into the retirement fund but not mandatory to the exclusion that the employe contributions cannot be introduced into the retirement deposit fund by some other means." 59 O.A. at 190.

■ In matters of statutory construction, the opinion of the Attorney General is to be accorded great weight. *Harrington v. Smith*, 28 Wis. 43 (1871); *State ex rel. West Allis v. Dieringer*, 275 Wis. 208, 81 N.W.2d 533 (1957). However, the opinions are not controlling. With this in mind, the Court will examine the above-quoted opinion.

■ The Attorney General addressed the "Issue of Whether the Employer Contributions on Behalf of the Employes are Prohibited by Statute or Otherwise Illegal." (59 O.A. at 189) Thus, the Attorney General determined the legality of employer payment, not their characterization for tax purposes. It is true the opinion concluded that the employer payments would not be subject to current taxation, but a number of points should be made. First, the Attorney General has no authority to determine tax law, and his conclusions are not binding on the IRS. Second, the Attorney General admitted that the employer payment would result in "an effective wage increase" to the employees. Third, the Attorney General concluded that although the statutory language was mandatory, it was "not mandatory to the exclusion that the *employe contributions* cannot be introduced into the retirement deposit fund by some other means." (Emphasis added.) (59 O.A. at 190)

A close reading of the Attorney General's opinion leads to the conclusion that municipal employer payments in satisfaction of § 42.40(1), Wis.Stats., were not prohibited but were, in effect, employee contributions advanced by a source other than the employee. Although the payments were not illegal, they were made on behalf of employees and in satisfaction of the obligation imposed on the employees by § 42.40(1), Wis.Stats.

■ It makes no difference for income tax purposes whether amounts earned by an employee are paid directly to him or are paid to another with the employee's agreement. *United States v. Basye*, 410 U.S. 441, 93 S.Ct. 1080, 35 L.Ed.2d 412 (1973). The IRS properly concluded that the municipal employer payments were made in satisfaction of an employee obligation, thereby qualifying as additional compensation earned by the employee and subject to withholding tax. The Attorney General's opinion, given the full force and effect to which it is entitled, did not preclude the IRS from making such a determination.

For the foregoing reasons,

IT IS ORDERED that judgment dismissing the complaint be entered in favor of the defendant.