**UNIVERSITY OF NORTH DAKOTA, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. A2–76–67.**

United States District Court,
D. North Dakota,
Northeastern Division.

June 30, 1978.

On Motion for Relief from Judgment
Sept. 26, 1978.

Garry A. Pearson, Pearson & Christensen, Grand Forks, N. D., for plaintiff.

Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., for defendant; Gerald A. Kafka, Bruce I. Crocker, Trial Attys., Tax Division, Dept. of Justice, Washington, D. C., of counsel.

## MEMORANDUM OF DECISION AND ORDER

BENSON, Chief Judge.

This is a suit by the University of North Dakota (University) to recover from the United States taxes alleged to have been erroneously and illegally assessed and collected by the Internal Revenue Service (IRS). Defendant has interposed a counterclaim. The matter was submitted to the court on a stipulation of facts and taken under advisement upon the filing of briefs. For reasons hereinafter stated, judgment is awarded defendant, dismissing the complaint and on its counterclaim against plaintiff.

## FACTS

The relevant facts as they appear from the pleadings and stipulation are as follows.

The North Dakota State Retirement Program, as provided for in Chapter 54–52, North Dakota Century Code,[1] is a qualified plan under Section 401(a), Internal Revenue Code of 1954,[2] and received its approval as a qualified plan in 1966. The North Dakota State Retirement Program maintained its status as an approved plan through the calendar years 1970 and 1971.

During 1970 and 1971, or before, all the University employees who are subject to the North Dakota State Retirement Program[3] executed separate forms entitled "Authorization for Salary Reductions."[4]

---

1. N.D.Cent.Code §§ 54–52–01, et seq.

2. 26 U.S.C. § 401(a).

3. The Constitution of North Dakota, Article 54, subdivision 6(b), provides as follows:

    (b) The said State Board of Higher Education shall have full authority over the institutions under its control with the right, among its other powers, to prescribe, limit, or modify the courses offered at the several institutions. In furtherance of its powers, the State Board of Higher Education shall have the power to delegate to its employees details of the administration of the institutions under its control. The said State Board of Higher Education shall have full authority to organize or re-organize within constitutional and statutory limitations, the work of each institution under its control, and do each and everything necessary and proper for the efficient and economic administration of said State educational institutions.

*See also* N.D.Cent.Code § 15–10–11; *Posin v. State Board of Higher Education,* 86 N.W.2d 31 (N.D.1957).

From the record it appears the State Board of Higher Education adopted the North Dakota State Retirement Plan as set forth in Chapter 54–52, North Dakota Century Code, for participation by the University employees whose withholding taxes are disputed in this action.

4. The form is brief and is set forth in full:

    AUTHORIZATION FOR SALARY REDUCTION

    Effective the first day of _____, 19_ please reduce my monthly base salary by the amount indicated below, and at the same time increase the University's contribution to my retirement annuity by a corresponding amount, it being understood that during the effective period of this authorization there will be no deductions made from salary for my contributions to the University retirement plan.

With respect to each employee whose withholding taxes are disputed in this action, plaintiff transmitted to the Plan for each of the years 1970 and 1971 a payment equal to 8% of the employee's gross salary, computed without regard to the Authorization for Salary Reduction executed by the employee.[5]

Plaintiff did not withhold or collect withholding taxes on any portion of the amount transferred to the Plan for the years 1970 and 1971.

Each employee of plaintiff whose withholding taxes are disputed in this action was, at all times relevant to this action, a member of the North Dakota Public Employees Retirement Plan, contained in Chapter 54–52 of the North Dakota Century Code.

The sole purpose of each employee in executing the Authorization for Salary Reduction was to convert one-half of the amount transmitted to the Plan with respect to that employee from income currently taxable to income deferred under Section 402(a) of the Internal Revenue Code of 1954.[6]

Defendant, through the IRS, charged the University with the assessment involved in this action based upon withholding taxes on

**Amount of Salary Reduction**

Please check item 1 or 2.

☐ (1) The amount that would otherwise be deducted from my basic monthly salary as my annuity contribution in accordance with the University retirement plan.

or

☐ (2) Do not reduce my salary. I will continue to make annuity contributions under the University retirement plan through salary deductions, as heretofore.

Signed _____ [employee] _____
Date _____

Note: This election is irrevocable until one year from the effective date. Any change thereafter must be made by completion of a new authorization form at least one month before the effective date of the change, and will be applicable only to earnings on or after the effective date of the change.

the 4% portion of the contribution to the Plan which was subject to the employees' salary reduction authorizations. The University paid that assessment on January 30, 1976, and filed a claim for refund. More than six months elapsed from the time of the filing of that claim, at which time suit was brought. The IRS has also assessed certain amounts of interest on these assessments. As a result of the payments by plaintiff, refunds by defendant, and other credits and adjustments, all but $9,177.33 of these assessments has been paid by plaintiff. Plaintiff seeks a refund of the amount it paid. Defendant, by counterclaim, seeks the unpaid balance.

The only issue to be resolved is whether or not one-half of each amount transmitted by plaintiff to the Plan with respect to each employee for calendar years 1970 and 1971, constituted wages subject to withholding under Section 3402 of the Internal Revenue Code of 1954.[7]

## CONCLUSIONS OF LAW, RATIONALE

The court has jurisdiction over the cause of action and personal jurisdiction over the parties. 28 U.S.C. § 1346.

The statutory provisions involved in this lawsuit are as follows:

5. In other words, the amount transmitted to the Plan was equal to 8% of the employee's gross salary *before* reducing it by 4% under the Authorization for Salary Reduction.

6. 26 U.S.C. § 402(a). The parties do not dispute that the other one-half of the amount transferred by plaintiff to the Plan was not income currently taxable to the employee, under 26 U.S.C. § 402(a).

7. 26 U.S.C. § 3402.
The parties further stipulated:
    If the court determines that the answer to the above question [see text, note 7] is in the negative, plaintiff is entitled to the refund of all the taxes alleged in its complaint, together with interest thereon as required by law and dismissal of defendant's counterclaim. If the above question is answered in the affirmative, plaintiff's complaint should be dismissed and defendant receive judgment on its counterclaim by this action.

(a) 26 U.S.C. § 3401:

(a) *Wages.*—For purposes of this chapter, the term "wages" means all remuneration . . . for services performed by an employee for his employer, including the cash value of all remuneration paid in any medium other than cash; except that such term shall not include remuneration paid—

\* \* \* \* \* \*

· (12) to, or on behalf of, an employee or his beneficiary—

(A) from or to a trust described in section 401(a) [26 U.S.C. § 401(a)] which is exempt from tax under section 501(a) [26 U.S.C. § 501(a)] at the time of such payment . . . .

(b) 26 U.S.C. § 3402:

(a) *Requirement of withholding.*—Except as otherwise provided in this section, every employee making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables prescribed by the Secretary. . . .[8]

(c) 26 U.S.C. § 3403: ·

The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

(d) N.D.Cent.Code § 54–52–01:

*Definition of terms.*—As used in this chapter, unless the context otherwise requires:

\* \* \* \* \* \*

16. "Wages" and "salaries" means the actual dollar compensation excluding overtime paid to or for an employee for his services.[9]

(e) N.D.Cent.Code § 54–52–05:

*Membership fee and assessments.*—
. . . Except as provided for in section 54–52–06.1 [not applicable herein], each

member shall be assessed and required to pay monthly four percent of the monthly salary or wage paid to him, and such assessment shall be deducted and retained out of such salary in equal monthly installments.

(f) N.D.Cent.Code § 54–52–06:

· *Employer's contribution to retirement plan.*—

Except ·as provided for in section 54–52–06.1 [not applicable herein], each agency . . . shall match four percent of the monthly salary or wage of a participating member, . . .. Each agency . . . shall pay such contribution into the retirement fund from its funds appropriated for payroll and salary or any other funds available for such purposes.

As noted previously, the only issue to be resolved is whether or not one-half of each amount transmitted by plaintiff to the Plan with respect to each employee, for calendar years 1970 and 1971, constituted wages subject to withholding under 26 U.S.C. § 3402. Ultimately, this question is one of state law, as stated in an analogous case, *Joint School Dist. No. 1, etc. v. United States,* 422 F.Supp. 576, 577 (E.D.Wis.1976), *rev'd on other grounds,* 577 F.2d 1089 at p. 1092 (7th Cir., decided May 19, 1978). Its resolution depends upon the proper interpretation of N.D.Cent.Code § 54–52–05, and its effect on the tax characterization of plaintiff's payments into the Plan.

On its face, Section 54–52–05 imposes two mandatory, affirmative obligations: (1) "each member *shall* be assessed and required to pay monthly four percent of the monthly salary or wages [as defined in N.D. Cent.Code § 54–52–01, subdivision 16] paid to him," (emphasis added), and (2) "such assessment *shall* be deducted and retained out of such salary [as defined in N.D.Cent. Code § 54–52–01, subdivision 16] in equal monthly installments" by the employing

---

**8.** 26 U.S.C. § 3402 has been amended subsequent to the period of time involved in this action; the changes in the provision are not material to the issues involved herein, however.

**9.** The current definition of "wages" and "salaries" in N.D.Cent.Code § 54–52–01, subdivision

16, is substantially the same as it apparently was during the period involved in this dispute (" 'wages' and 'salaries' shall mean the actual dollar compensation paid to or for an employee for his services; . . . .").

agency (emphasis added). Although under the Constitution of North Dakota, Article 54, subdivision 6(b) [10] it seems clear that the State Board of Higher Education has or had the power, even in the face of N.D.Cent. Code § 54–52–05, to alter the terms of the Plan as applied to those of its employees covered thereby, there is nothing before the court in the pleadings or stipulation of facts to indicate that the Board did in fact alter the terms of the Plan as to its covered employees, or grant the University permission to do so.[11]

The rights and obligations under the Plan as it applies to covered University employees were and are governed by Chapter 54–52, North Dakota Century Code. The amounts transmitted to the Plan by plaintiff with respect to each employee for calendar years 1970 and 1971, insofar as the amounts satisfied the obligation of the employee imposed in N.D.Cent.Code § 54–52–05, constituted wages subject to withholding under 26 U.S.C. § 3402.

On the basis of the foregoing,

IT IS ORDERED that judgment be entered for the defendant on its counterclaim in the amount of $9,177.33 with statutory interest and for the dismissal of the plaintiff's complaint and cause of action.

### ON MOTION FOR RELIEF FROM JUDGMENT

Judgment was entered in this action on June 30, 1978, for defendant on its counterclaim and dismissing plaintiff's complaint and cause of action. The issues, stipulated facts, and the applicable law were set out in the memorandum of this court entered on June 30, 1978. The matter is now before the court on plaintiff's motion under Rule 60(b), F.R.Civ.P., for relief from the judgment.

In the order for judgment, the court concluded that the North Dakota State Board of Higher Education had the power to alter the terms of the State Employees Retirement Plan as applied to its employees covered thereby, notwithstanding the provisions of N.D.Cent.Code § 54–52–05.[1] The court further concluded that if the State Board had altered the terms of the Plan or authorized plaintiff to do so, plaintiff would have been entitled to the refund of withholding taxes it sought through this action. Since the matter had not been included in the parties' stipulation of facts, the court made inquiry to the State Board *sua sponte* and ascertained that its records failed to disclose any such authorization. Judgment was accordingly entered for defendant.

The basis of plaintiff's Rule 60(b) motion is its claim that the State Board did in fact authorize the salary reduction agreements between plaintiff and its employees covered by the Plan. The court determined that in the interests of justice and to present a complete record in this case should an appeal be taken, plaintiff should be allowed an opportunity to establish the fact now alleged, and an evidentiary hearing was held on September 15, 1978.

The evidence received at the hearing has established that in 1959 certain non-classified employees of the University requested the establishment of a tax-sheltered annuity plan, and University officials

---

10. See Note 3 and text accompanying.

11. Plaintiff in its briefs and in a letter to the court asserts that the salary reduction agreements had been approved by the State Board of Higher Education. Because this assertion was not supported by the record before the court and because the court concluded that if the Board had in fact authorized such salary reduction agreements plaintiff would have been entitled to the relief sought, the court, *sua sponte*, pursuant to Rule 201, F.R.Evid., made inquiry of the State Board and ascertained that its records failed to disclose any such approval.

There is nothing in Chapter 54–52, North Dakota Century Code, which would otherwise give the University the authority to modify the terms of the Plan as to its covered employees.

1. N.D.Cent.Code § 54–52–05 provides:

Membership fee and assessments.—. . . Except as provided for in section 54–52–06.1 [not applicable herein], each member shall be assessed and required to pay monthly four percent of the monthly salary or wage paid to him, and such assessment shall be deducted and retained out of such salary in equal monthly installments.

sought a resolution from the State Board authorizing such a plan. A certified excerpt from the minutes of the State Board of its November 13, 1959 meeting was submitted at the hearing. The minutes provide:

It was moved by Mr. Orth, seconded by Mrs. Johnson that the University and any other institution under the jurisdiction of this Board, including the Commissioner's office, be permitted to take advantage of the provisions of Section 501(c)(3) of the Internal Revenue Code which is the result of the technical amendments Act of 1958 (the so-called "Mills Bill"), whereby an employee may purchase an annuity by surrendering a portion of his salary to be used in payment for an annuity which the employee will own. Upon roll call, all members present voted aye, except Mr. Haas who voted nay. Motion carried.

In 1965, the North Dakota Legislature adopted the State Employees Retirement Plan, N.D.Cent.Code Ch. 54–52, covering classified state employees. The University's president attended the October 1965 Board meeting and commented that the University desired to tax shelter the Plan for its covered employees. No written proposal was presented to the Board.

Gerald Skogley, who was at that time the comptroller of the University, also attended the meeting. He testified at the hearing before this court that the Board stated it had already authorized tax sheltering for its employees in 1959 and therefore had no objection to the proposal. Skogley further testified that the matter was not listed on the agenda for the meeting, and the Board's action was not recorded in its minutes.

Thomas Clifford, who is presently the University's president, testified that from his experience in attending meetings of the State Board, he has observed that the Board does not as a practice record complete minutes of its meetings. He explained that the Board will often decide it has no objection to the institution of a particular policy and not record its action.

After the October 1965 meeting, the University entered into salary reduction agreements with its classified employees, providing for a salary reduction equal to the amount of the employee contribution to the State Employees Retirement Plan required by N.D.Cent.Code § 54–52–05. Thereafter, the University transmitted to the Plan each month a payment on behalf of each of its covered employees equal to eight percent of the employee's gross salary, one-half of which was represented by employee's salary reduction.

Alan Person, the Assistant Executive Director of the State Employees Retirement Program, testified at the hearing, as a witness for the defendant, that his office had never been notified by either the University or the State Board that the terms of the Plan had been modified as to the University's covered employees. He further testified that the payments received from the University have been treated in the same manner as payments from other agencies, i. e., one-half of each payment is considered to be an employee contribution required by N.D.Cent.Code § 54–52–05, which is taxable income to the employee in the year in which the payment is made. When a distribution from the Plan is made to an employee upon termination of state employment, the Director encloses a report to the employee indicating the tax status of the sum distributed. With respect to terminating University employees, the amounts transmitted to the Plan pursuant to the salary reduction agreements are reported by the Director as nontaxable income upon distribution to the employees.

Mr. Skogley testified in rebuttal that before the Plan was implemented at the University, a meeting was held for the purpose of explaining the Plan to University employees. He testified that the Director of the State Employees Retirement Program was present at the meeting and explained the terms of the Plan to the employees, and an official of the University explained the tax consequences. He further testified that when a University employee terminates his employment, he is again reminded that taxation on the portion of the payments to the Plan made pursuant to the salary reduction

agreements has been deferred. The employee is further informed that the Director of the Retirement Program has not been treating these amounts as income deferred.

On the basis of the evidence produced at the hearing, the court finds the State Board of Higher Education did authorize plaintiff in October 1965 to enter into salary reduction agreements with its classified employees for the purpose of converting the entire amounts transmitted to the Plan on behalf of those employees into income deferred under 26 U.S.C. § 501(a), and as the Court previously concluded in its memorandum of decision, the Board had the power to do so.[2]

▌ The Board was created in 1938 by Article 54 of the North Dakota Constitution, which grants the Board virtually autonomous control over administration of the state institutions of higher education. Section 6(b) of Article 54, set out in a footnote of the prior memorandum of this court, provides:

> The said State Board of Higher Education shall have full authority over the institutions under its control with the right, among its other powers, to prescribe, limit, or modify the courses offered at the several institutions. In furtherance of its powers, the State Board of Higher Education shall have the power to delegate to its employees details of the administration of the institutions under its control. The said State Board of Higher Education shall have full authority to organize or re-organize within constitutional and statutory limitations, the work of each institution under its control, and do each and everything necessary and proper for the efficient and economic administration of said State educational institutions.

The general powers of the Board are also provided for in N.D.Cent.Code § 15–10–11, in language almost identical to the constitutional provision, and some of the specific powers of the Board are provided in N.D. Cent.Code § 15–10–17. These statutory provisions serve only as a reiteration and clarification of the Board's powers. Since the Board's authority is derived from the State Constitution, its administrative powers may not be limited by statute.[3]

Although the North Dakota Legislature has provided that each state employee covered by the State Employees Retirement Program shall pay four percent of his monthly salary or wages to the Plan through deduction from such salary, N.D. Cent.Code § 54–52–05, the State Board of Higher Education has and had, at all times relevant to this action, the power to alter or to authorize plaintiff to alter those terms with respect to its employees.

Defendant contends that even if the Board modified the terms of the Plan with respect to the University's employees, the University has never implemented that modification. Defendant relies on the fact that the University reported the amounts transmitted to the Plan on forms provided by the Director of the Retirement Program, which showed that one-half of the payments were contributions from the employees, and the Director treated the payments as such.

▌ The court finds the actual source of the amounts transmitted to the Plan by the University was of no concern to the Di-

**2.** Plaintiff has cited the enactment, subsequent to the taxable years in question, of certain provisions of the Employee Retirement Income Security Act of 1974, Pub.L. 93–406, 88 Stat. 925, and the Tax Reform Act of 1976, Pub.L. 94–455, relating to salary reduction terms in retirement plans as an indication that the use of salary reductions was a permissible method under federal law of deferring taxation to employees on contributions to a retirement plan during the years in question.

However, defendant's position throughout this case has never drawn into question the permissibility of salary reduction terms under federal law. Rather, defendant has relied entirely on state law, contending that N.D.Cent. Code § 54–52–05 requires direct employee contributions to the State Employees Retirement Plan through salary deductions and thus does not permit tax-deferred payments through salary reductions.

**3.** The only power of the Board which is subject to limitation by statute is its authority to organize or re-organize the work of the institutions under its control. N.D.Const. Art. 54, § 6(b).

rector of the Retirement Program, and his characterization of the payments is immaterial to the issues before the Court. *See Joint School District No. 1 v. United States,* 577 F.2d 1089, 1092 (7th Cir. 1978).

The University's employees were informed prior to authorizing the reductions in their salaries that taxation on the University's corresponding payments to the Plan would be deferred until termination of their employment. Those employees who have subsequently terminated their employment have also been reminded that the Director of the Retirement Program had not been treating the payments as tax-deferred. The court finds on the basis of this evidence that plaintiff did implement the modifications of the Plan which were approved by the State Board in 1965, and the implementation of these modifications occurred before and continued through 1970 and 1971, the tax years in question.

Therefore, the court concludes that the amounts transmitted by plaintiff to the State Employees Retirement Plan in the years 1970 and 1971 pursuant to the salary reduction agreements were not wages subject to withholding taxes, and plaintiff is entitled to a refund of the withholding taxes assessed against and paid by it for those years, and to dismissal of defendant's counterclaim for unpaid assessments.

IT IS ORDERED that plaintiff's motion under Rule 60(b) for relief from the judgment entered against it in this action is granted.

IT IS FURTHER ORDERED that the judgment entered herein on June 30, 1978 is vacated.

IT IS FURTHER ORDERED that judgment be entered for plaintiff and against defendant in the amount of $20,173.93, within statutory interest, and for dismissal of defendant's counterclaim.